IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL GORDON | § | |
| v. | § | CIVIL ACTION NO. 5:06cv242 |
| RICK PERRY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff David Michael Gordon, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Gordon complained that the Defendants were "devaluing" his earned good time and work time credits, from a "valuable chose in action" to objects of reduced value.  He said that this "constructively restructured his sentence" and reaps financial gains for the Defendants by prolonging his period of incarceration.  Gordon said that the Defendants were "converting" his property in violation of the doctrine of separation of powers, the takings clause of the Fifth Amendment, the Due Process Clause, and the constitutional guarantee against cruel and unusual punishment.

Prison records show that Gordon is serving a 45-year sentence and that he is ineligible for release on mandatory supervision; in addition, his parole eligibility is calculated on calendar time alone.  Despite this fact, his time sheets show the amount of good time which he has earned, while reflecting the fact that his parole eligibility is calculated only on calendar time.

Gordon argues that good time is supposed to count as calendar time and says that his earned good time and work time have been "devalued" so that they are now merely criteria used to

1

determine his suitability for parole.  He complains that because he is a "3g" offender, ineligible for mandatory supervision, his earned good time and work time are worth nothing at all, despite statements made in TDCJ legal booklets saying that positive behavior and productive work hasten an inmate's release and that the projected release date is based on awards of applicable good time. Gordon also points to jury instructions given in Texas criminal trials saying that the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration through the award of good conduct time.

Gordon complains that when inmates are released, they lose their good time and work time, and points to statutes involving the award of time credits for county jail inmates.  For relief, he asks that the lawsuit be certified as a class action, that all inmates who have served 100 percent of their sentences, including calendar (flat) time, good time, and work time be discharged, and that the records of inmates still in prison be changed to reflect the full value of the good time and work time, which value should appear in the "minimum expected release date."  He asks that the Court declare Tex. Gov. Code art. 498.003 unconstitutional insofar as it relates to good time and work time, to declare that a state is in compliance with "federal incentive programs" when the inmate has accumulated the appropriate amount of time credits, including good time and work time, and that he receive monetary damages plus punitive damages, reimbursement of filing fees, and attorney's fees.

After review of the complaint, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed.  The Magistrate Judge noted that under Texas law, good time does not reduce the length of the sentence, and that its only purpose is to accelerate eligibility for release on parole or mandatory supervision.   However, Gordon is ineligible for release on mandatory supervision, and his parole eligibility is calculated on calendar time alone, without regard to good time.  As a result, the good time which Gordon earns cannot shorten the length of his sentence, nor can it shorten his duration of confinement (because he cannot be released on mandatory supervision and his parole eligibility calculation does not consider good time).  At most, therefore, his good time

2

can serve as a criterion for ascertaining the suitability of his release.  The Magistrate Judge concluded that this did not deprive Gordon of any property interests because he had received all of the value of his good time to which he was entitled by law.

The Magistrate Judge next concluded that Gordon had not shown that he was being required to serve his sentence more than once; he received a 45 year sentence in 1999, and his time calculation sheet shows that he will discharge this sentence in 2044, after the passage of 45 years. He becomes eligible for parole in 2010; in the event that he is released on parole, at that time or later, he will have the option of serving the remainder of his sentence out of prison, subject to the rules and regulations of the Board of Pardons and Paroles and the supervision of a parole officer.  His good time and work time do not alter the duration of his sentence.

Although Gordon complained that prisoners "lose" their good time and work time when they are discharged from prison, the Magistrate Judge stated that this was inaccurate, because good time and work time only accelerate eligibility for parole or mandatory supervision, and so when a sentence is discharged, there is no further need for good time or work time credits.  The Magistrate Judge rejected Gordon's assertion that giving him no value for these time credits placed him in "involuntary servitude."

The Magistrate Judge also rejected Gordon's claims that Texas criminal jury instructions somehow gave him a liberty interest in good time credits and pointed that the other statutes which he cited involved county jail inmates, which he is not.  The Magistrate Judge observed that statements made in TDCJ legal booklets have no binding legal force and said that his separation of powers argument lacked merit because the doctrine of separation of powers has never been incorporated.

Gordon filed objections to the Magistrate Judge's Report on December 19, 2006.  In his objections, Gordon says first that his complaint is not that he is being denied the right to earn good time credits, but that he is being deprived of the "state created right concerning the equitable use of my earned good time and work time property."  He argues at length that he has a "state-

3

created liberty interest" in his good time credits under <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) and that Tex. Gov. Code art. 498.003 is unconstitutional because it says that good time does not otherwise affect an inmate's term of imprisonment, which conflicts with <u>Wolff</u>.  He also says that this statute prohibits the use of good time as a criterion for release because it says that good time applies only to eligibility for parole or mandatory supervision and does not otherwise affect his term; he says that the statute makes no provision for the use of these time credits as a "criteria."

Gordon maintains that he is not claiming that the good time credits reduce the length of his sentence, but that these time credits serve to reduce the time which he must spend incarcerated. He says that the Magistrate Judge is wrong in saying that the only purpose of earned good time is to accelerate release on parole or mandatory supervision because his parole eligibility date cannot be accelerated.

Gordon goes on to say that he is not making a claim for parole or mandatory supervision, and that he is not trying to reduce the term of his sentence.  He says that the Magistrate Judge fails to recognize "the liberty interest set forth in <u>Wolff</u>" and therefore misses the core of his complaint.   He says that under <u>Ex Parte Hallmark</u>, 883 S.W.2d 672 (Tex.Crim.App. 1994), his earned good time and work time apparently have no value, which he says conflicts with <u>Wolff</u> and with <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995).  Gordon argues that the Defendants are increasing the term of his confinement by arbitrarily abrogating his earned good time and work time property interests without notice or a hearing.

Next, Gordon says that the statute setting out the rate at which inmates earn good time creates a liberty interest in the accrual of good time.  He contends that the provision in the Texas statute saying that good conduct time is a privilege and not a right was added in 1998, and cannot be applied to him under the *Ex Post Facto Clause*; it applies to inmates sentenced on or after September 1, 1999, and he began serving his sentence on May 30, 1999.  Gordon concedes that Tex. Gov. Code art. 498.003(d) says that "an inmate may accrue good conduct time..." but says that while this section includes the word "may," it means that once the inmate actually earns the time, it cannot

4

only be taken away for a major disciplinary infraction, because of the liberty interest which he has in the time under Wolff.

Gordon argues again that the Texas statute is unconstitutional insofar as it says that good time does not otherwise affect the inmate's term, because this conflicts with Wolff.  He says that the Texas court holdings that inmates have no property interest in their good time, and the Magistrate Judge's conclusion to that effect, also conflict with Wolff and Sandin.

Turning to the Texas jury instructions, Gordon argues that these give him a protected liberty interest in his good time because they instruct the jury that prisoners, if sentenced to a term of imprisonment, may earn time off of the period of incarceration through the award of good conduct time.  Gordon argues that this phrase clearly does not mean "parole," because that word is not even used in the statute.  He says that the phrase "the Defendant may earn time off the period of incarceration" means that if the inmate earns good time, this good time will be applied as time off of his incarceration.

Gordon speculates that he will not be released on parole until he has served 85 percent of his sentence, which will be in approximately 30 more years; accordingly, he says, he has no incentive to behave properly and has no reason to work diligently.  He says that federal financial assistance programs allow states to receive greater funding if they insure that violent inmates, on average, serve not less than 85 percent of their prison terms.

Next, Gordon objects to the Magistrate Judge's conclusion that he is being required to serve his sentence more than once.  He says that when he has served 45 years of his sentence in flat time, he will have credit for serving over 95 years in prison, 50 years more than his original sentence.   He says that his complaint is that he has earned flat time, good time, and work time credits on his sentence, and these should all work toward the completion of his 45-year sentence. Gordon says that while he cannot earn parole, he can earn release through good time.  He states that when he has accrued enough good time credits to equal his full sentence, he becomes ineligible for parole, apparently because this should fully discharge his sentence.

Gordon says that he has a claim under the Takings Clause because he is being deprived of a contingent future interest, which is his release from prison. He says that parole can be more difficult to serve than actual incarceration and insists that his good time and work time should gain his discharge of the sentence, not merely release on parole or mandatory supervision.

Gordon also says that the Magistrate Judge "overstepped her bounds" under 28 U.S.C. §1915A by denying all discovery and "forcing me to try my case before her as judge and jury." He says that the screening described under Section 1915A is only for "cognizable" (which he says means "jurisdictional") claims, not "meritorious" ones. In this case, he says, his claims have a jurisdictional basis because he is complaining of violations under Section 1983. Finally, Gordon says, the Magistrate Judge erred by saying that the doctrine of separation of powers does not apply, because the purpose of Section 1983 is to interpose the federal courts between the states and the people.

Gordon's objections are without merit. He relies largely on Wolff to argue that he has a liberty interest in good time, but overlooks a critical fact. As Gordon recognizes, Wolff concerned the issue of "state-created liberty interests." The State of Nebraska created a liberty interest in a sentence reduction through good time through the statutes at issue in Wolff. Any liberty interest created by the State of Texas is much more limited; as the Fifth Circuit has explained, good time credits create a liberty interest where the inmate is eligible for release on mandatory supervision. *See* Richards v. Dretke, 394 F.3d 291, 293-94 (5th Cir. 2004). As noted above, Gordon is not eligible for release on mandatory supervision; his complaint is that the good time credits "have no value," but he has failed to show that he has been deprived of anything to which he is entitled under Texas law, given that he is not eligible for mandatory supervision and his parole eligibility is calculated without regard to good time credits.

Gordon also argues that he is not claiming that the good time credits reduce his sentence; rather, he is saying that these time credits apply to his sentence like calendar time, so that while his 45-year sentence remains at 45 years, it may be discharged in a shorter period of time because of the application of the good time credits. This is simply a more sophisticated way of

saying the same thing: through the application of good time credits, Gordon wants to discharge his sentence sooner than in 2044. Texas law specifically prohibits such an application of good time credits. Ex Parte Hallmark, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994); Palmer v. Texas Board of Paroles, 89 Fed.Appx. 857 (5th Cir., December 10, 2003) (not selected for publication in the Federal Reporter).

Although Gordon argues that Hallmark is unconstitutional, this contention is without merit. He bases his claim on Wolff, but that decision found a liberty interest in a very different Nebraska law. Under Texas law, the "state-created liberty interest" is found only where inmates are eligible for release on mandatory supervision. Because Gordon is not, he has failed to show that he has any liberty interests which are being violated.

Gordon says that the Magistrate Judge erred in saying that good time accelerates eligibility for parole, pointing out that his parole eligibility is calculated on calendar time. The fact that Gordon's parole eligibility is not accelerated by the good time which he earns is a function of the offense for which he was convicted, and does not make the Magistrate Judge's statement in error. In fact, the Texas Court of Criminal Appeals has specifically said that the statutes governing good time have since 1977 stated that good time applies only to eligibility for parole or mandatory supervision. Hallmark, 883 S.W.2d at 674.

Although Gordon contends that the statute regarding the accrual of good time creates a "liberty interest," he is incorrect; as stated above, any liberty interest which exists in good time is held only by those inmates who are eligible for release on mandatory supervision. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Sanders v. Smith, 111 Fed.Appx. 752 (5th Cir., October 27, 2004) (not selected for publication in the Federal Reporter) (stating that because the petitioner was not eligible for release on mandatory supervision, the loss of good time credits did not implicate a protected liberty interest). Gordon's claim is even more tenuous, because he posits a liberty interest in having the good time credits used for a purpose which is contrary to Texas law. His claim on this point is without merit.

7

The instructions given to juries in criminal cases regarding good time plainly do not create any sort of liberty interest for inmates to receive such good time.  Even if such instructions could somehow create such an interest, the wording makes clear that no such interest is created in this instance.  The statute governing these instructions provides that "under the law applicable to this case, the defendant, if sentenced to a term of imprisonment, may [not "shall"] earn time off the period of incarceration imposed through the award of good conduct time."  *See* Tex. Code Crim. Pro. art. 37.07, §4(a).  By the statute's very language it is clear that no liberty interest is created.  This contention is without merit.

Gordon's contention that the Board of Pardons and Paroles cannot consider his earned good time as a criterion for release on parole similarly lacks merit.  The Texas Administrative Code specifically provides that the parole panel may consider the inmate's disciplinary conduct and his current prison custody level in making the parole decision.  38 Tex. Admin. Code §145.2(b)(2)(B).

For this reason, too, Gordon's assertion that he has no incentive to behave himself while in prison is without merit.   Although he says that the Board will not grant him parole until he has served 85 percent of his sentence, this is sheer speculation; he becomes eligible for parole in 2010, and his record of conduct while in prison could well play a role in his review.

Gordon goes on to contend that his good time and work time are "a chose in action" which give rise to "a contingent future interest." This claim is based on Gordon's supposition that his good time and work time operate to discharge his sentence, which is not accurate under Texas law.  Gordon has not shown that he is being deprived of any "value" of his good time to which he is entitled.

Finally, Gordon challenges the Magistrate Judge's authority to issue a Report recommending dismissal of his lawsuit, saying that 28 U.S.C. §1915A only authorizes the Court to screen cases for "cognizable" claims, meaning claims over which the Court has jurisdiction; he says that he is being "forced to try his case before the Magistrate Judge," This claim is incorrect; Section 1915A allows the court to identify cognizable claims or dismiss the complaint or any portion thereof

8

if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such damages.

As the Magistrate Judge explained, a claim is frivolous if it lacks an arguable basis in law or fact, or is based upon an indisputably meritless legal theory.  Neitzke v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  Both frivolousness and failure to state a claim upon which relief may be granted will support dismissal under 28 U.S.C. §1915A(b)(1).

In the present case, the facts are not in dispute; Gordon's argument is based upon the legal effect of his good time and work time.  The contentions which he presents are founded upon legal theories which are indisputably meritless, and no relief can be granted based on any set of facts which can be proved consistent with his allegations.  As a result, his lawsuit may be dismissed under Section 1915A(b)(1), as the Magistrate Judge recommended.  Gordon's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice pursuant to 28 U.S.C. §1915A(b)(1).  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 6th day of February, 2007.**


_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE